UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KOYO CORPORATION OF U.S.A. | ) | Case No.: 1:10 CV 2557 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| COMERICA BANK, et al., | ) | |
| | ) | |
| Defendants | ) | ORDER |

Currently pending before the court in the above-captioned case is Defendant Comerica Bank's ("Comerica") Motion to Dismiss Defendants Tomoji Yamamoto and Yamamoto, LLC's (collectively, "Cross-Plaintiffs" or "Yamamoto Defendants") Cross-Claim. (ECF No. 56.) For the following reasons, the court hereby grants Comerica's Motion to Dismiss.

## I.  FACTS AND PROCEDURAL HISTORY

On November 9, 2011, Plaintiff Koyo Corporation ("Koyo") filed a Complaint (ECF No. 2) against Defendants YMT International ("YMT"), Comerica Bank ("Comerica"), Amherst Capital Partners, LLC, Yamamoto, LLC, Tomoji Yamamoto, Tsuentaka Iio, and Kevin English.[1] The Yamamoto Defendants filed an Answer and Cross-Claim on April 11, 2011. (ECF No. 53.) To the

---

[1]     On July 15, 2011, Koyo filed an Amended Complaint against all Defendants. (ECF No. 80.) Koyo's Amended Complaint has no bearing on Cross-Plaintiffs' Cross-Claim or Comerica's pending Motion to Dismiss.

Yamamoto Defendants' Cross-Claim, Comerica filed an Answer and Motion to Dismiss on May 2, 2011. (ECF No. 56.) The Yamamoto Defendants filed an Opposition on May 9, 2011, (ECF No. 58), and Comerica Replied on May 23, 2011. (ECF No. 59.)

### A. Koyo's Complaint

This case arises out of a purchase agreement between Koyo and YMT, and YMT's subsequent failure to perform on the contract as a result of an outstanding debt to its creditor. On September 8, 2009, Comerica declared YMT in default on a Note dated November 14, 2008 ("YMT Note"). (Am. Comp. ¶ 12, ECF No. 80.) YMT and Yamamoto, among others, are Guarantors of the YMT Note. (*Id.* ¶ 13.) Despite the default, Comerica was willing to forbear collecting the amount due on the YMT Note until January, 2010, provided that YMT accept the terms and conditions set forth in a forbearance agreement ("Forbearance Agreement"), dated September 8, 2009. (*Id.* ¶ 14.)

Unaware of the pre-existing Forbearance Agreement between Comerica and YMT, Koyo ordered a control box and fixture from YMT in October, 2009. (*Id.* ¶¶ 34–35.) The purchase agreement was comprised of two separate purchase orders. (*Id.*) Koyo submitted a down payment on the purchase agreement to YMT on November 12, 2009, and Koyo and YMT agreed that the outstanding balance on the purchase agreement would not be paid by Koyo until YMT completed and delivered the control box and fixture to Koyo. (*Id.* ¶¶ 43–44.) On December 17 and 18, 2009, YMT sent two invoices to Koyo for payment of the outstanding balance. (*Id.* ¶ 45.) Instead of withholding payment, Koyo issued a check in the amount of the outstanding balance and inadvertently mailed the check to YMT. (*Id.* ¶¶ 47–50.) Koyo maintains that it did not intend to pay the outstanding balance at this time, as the control box and fixture were not yet completed, and that

- 2 -

YMT has acknowledged that Koyo's payment of the outstanding balance was by mistake. (*Id.* ¶¶ 49, 52–53.)

As part of the Forbearance Agreement, YMT had to apply 100% of its cash inflows to the amount due to Comerica. (*Id.* ¶ 16.) As a result of Koyo's inadvertent payment of the outstanding balance to YMT, Comerica collected Koyo's payment under the terms of the Forbearance Agreement. (*Id.* ¶ 59.) Koyo alleges that Comerica has refused to return the check to Koyo, and that Comerica and YMT have not applied the funds towards a payment owed to the subcontractors working on the control box and fixture. (*Id.* ¶¶ 56, 61.) As a result of this failure, the subcontractors refuse to finish the control box and fixture. (*Id.* ¶ 62.)

## B. The Yamamoto Defendants' Cross-Claim

The Yamamoto Defendants, in their Cross-Claim, allege that they are being sued by Koyo "solely as guarantors on the alleged debt of another," not as primary obligors on the amounts Koyo claims to be owed. (Yamamoto Defs.' Answer and Cross-cl. ¶ 163, ECF No. 53.) They deny any involvement in the conduct alleged by Koyo that serves as the basis for Koyo's claims. (*Id.* ¶ 164.) The Yamamoto Defendants further deny any liability to Koyo, arguing that if any liability to Koyo exists on the part of any of the Defendants, it is the responsibility of the other parties, not Yamamoto. (*Id.* ¶ 165.) Comerica has moved to dismiss Yamamoto's Cross-Claim for failure to state a claim upon which relief can be granted.

## II.  MOTION TO DISMISS STANDARD

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must determine the legal sufficiency of the plaintiff's claim.  *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993).  *See also*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (clarifying the legal standard for a Rule 12(b)(6) motion to dismiss); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949–50 (2009)(same).

When determining whether a plaintiff has stated a claim upon which relief may be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations to be true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A plaintiff is not required to prove, beyond a doubt, that the factual allegations in the complaint entitle him to relief, but must demonstrate that the "[f]actual allegations [are] enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true." *Id.* at 555. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

The Supreme Court in *Iqbal* clarified the plausibility standard outlined in *Twombly* by stating that "[a] claim has facial plausibility when the plaintiff pleads content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  Additionally, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* Making this determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

- 4 -

For this analysis, a court may look beyond the allegations contained in the complaint to exhibits attached to or otherwise incorporated in the complaint, all without converting a motion to dismiss to a motion for summary judgment.  Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

### III.   LAW AND ANALYSIS

The Yamamoto Defendants' allegations are sparse:

> 162. The Yamamoto Defendants are named as defendants in this litigation as a result of allegations by Plaintiff regarding its dealings with defendants other than the Yamamoto Defendants.
>
> 163. While the Yamamoto Defendants deny the allegations of Plaintiff, they are being sued solely as guarantors on the alleged debt of another, and not as primary obligors on any amounts which Plaintiff claims to be owed.
>
> 164. The Yamamoto Defendants were not involved in any of the alleged conduct which serve as the basis for Plaintiff's claims as set forth in Plaintiff's Complaint.
>
> 165. In the event there is any liability to Plaintiff, which the Yamamoto Defendants deny, then such liability is the responsibility of parties other than the Yamamoto Defendants.

(Yamamoto Defs.' Answer and Cross-cl.  ¶¶ 162–165.) While the Yamamoto Defendants  initially failed to identify the legal ground upon which their Cross-Claim is based, the court will accept their specification of the legal standard for common law indemnification in their Opposition to Comerica's Motion to Dismiss as the relevant cause of action.(*See* Br. in Opp'n, at 3, ECF No. 58.)

Common law indemnification, under Ohio law, is "the right of a person who is only secondarily liable to recover from the person primarily liable for proper expenditures paid to a third party injured through the violation of their common duties." *Lattea v. City of Akron*, 458 N.E.2d 868, 872–73 (Ohio Ct. App. 1982). A party is primarily liable when "actively negligent or has actual

- 5 -

knowledge of a dangerous situation and acquiesces in the continuation thereof." *Lingo v. Ohio Central R.R., Inc. v Norfolk S. Ry.*, No. 05AP-206, 2006 WL 1230679, at \*9 (Ohio Ct. App. May 9, 2006) (quotation omitted). Secondary liability arises when "a relationship exists between the tortfeasors that permits one tortfeasor to be held liable for the consequences of the other's actions." *Id.* (*quoting Mahathiraj v. Columbia Gas of Ohio, Inc.*, 617 N.E.2d 737, 743 (Ohio Ct. App. 1992)). Because active negligence by either a primarily or secondarily liable party bars the right of indemnification, "in order to qualify for indemnification, the party claiming the right must be merely passively negligent." *Mahathiraj*, 617 N.E.2d at 743.

Thus, in order to state a claim for indemnification, a plaintiff must demonstrate that (1) they are only secondarily liable for the allegations made by a third party; (2) the defendant is primarily liable to the third party, either through active negligence or actual knowledge of a dangerous situation and acquiesces to the continuation thereof; and (3) the plaintiff was passively negligent and did not participate in the underlying conduct that gave rise to the allegations made by the third party.

In this case, while the Yamamoto Defendants assert that they "were not involved" in any of the alleged conduct giving rise to Koyo's Complaint (Yamamoto Defs.' Answer and Cross-cl.  ¶ 164), the Yamamoto Defendants fail to allege facts in support of all the elements of the claim. For example, with respect to the issue of secondary liability, Yamamoto alleges that, if any of the Defendants are found liable to Koyo, "such liability is the responsibility of parties other than the Yamamoto Defendants." (Yamamoto Answer  and Cross-Cl. ¶ 165.) This allegation falls short of meeting the *Iqbal/Twombly* pleading requirements. The Yamamoto Defendants do not allege that if they are held liable, their liability would be secondary to Comerica's, let alone plead any facts to support that conclusion. The Yamamoto Defendants nowhere assert the nature of the relationship

- 6 -

that they have with Comerica (or any of the other Defendants) such as to create a right of indemnification. Secondary liability arises "*where a relationship exists* between the tortfeasors that permits one tortfeasor to be held liable for the consequences of the other's actions." *Mahathiraj*, 617 N.E.2d at 743 (emphasis added). A "formulaic recitation of the elements" of common law indemnification will not do. *Twombly*, 550 U.S. at 555.

The Yamamoto Defendants have failed to adequately plead facts in support of their claim for common law indemnification. Thus, the court grants Defendant Comerica's 12(b)(6) Motion to Dismiss.

## IV.  CONCLUSION

For the foregoing reasons, the court hereby grants Comerica's Motion to Dismiss Cross-Claim of Defendants Tomoji Yamamoto and Yamamoto, LLC. (ECF No. 56.)

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

October 6, 2011